IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY FILED
Dec 03 2021
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| SKYE WOODS, LESLIE STERLING, LAUREN BOYD, JADA WILSON, JESSICA CONNOLLY, LACEY HARRINGTON, and APRIL DYCUS<br><br>*Plaintiffs*<br><br>v.<br><br>BFS FOODS, INC.<br><br>*Defendant.* | CIVIL ACTION NO. 5:21-CV-200 (Bailey)<br><br>JURY TRIAL DEMANDED |

# PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiffs Skye Woods, Leslie Sterling, Lauren Boyd, Jada Wilson, Jessica Connolly, Lacey Harrington, and April Dycus (collectively "Plaintiffs"), and complains of BFS Foods, Inc. ("BFS" or "Defendant"), and for their causes of action would respectfully show the Court as follows:

## INTRODUCTION

1. BFS Foods Inc. ("BFS") owns and operates a restaurant called Huddle House, located in Weirton, West Virginia. BFS pays Plaintiffs (who work/worked as servers) less than minimum wage so that it can *try* to take advantage of a "tip credit" under the Fair Labor Standards Act. But BFS does not comply with the tip credit requirements, and it violates the FLSA in at least two different ways, as well as West Virginia law requiring compensation of minimum wage.

Case 5:21-cv-00200-JPB   Document 1   Filed 12/03/21   Page 2 of 8   PageID #: 2

2. First, BFS has failed to provide the required "tip-credit notice" (under section 203(m) of the FLSA) to its servers informing them that it would be paying them less than minimum wage, the amount of the tip-credit, that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool, and that the tip credit shall not apply to any employee who does not receive such a notice

3. Second, BFS pays its servers less than minimum wage while forcing them to perform substantial non-tipped (or side-work) duties to avoid employing or paying more to back-of-house employees.  In appropriate circumstances, the FLSA allows employers to take a tip credit and pay certain employees less than minimum wage but only if they spend enough time (at least 80%) performing tipped duties.  By forcing servers to do more non-tipped work, BFS is able to save money in labor costs and increase its profitability, at the detriment of its employees. BFS has intensified this scheme recently because of the COVID-19 pandemic by requiring servers to spend even more time on non-tipped duties.

4. BFS also violates West Virginia state law that requires paying at least $8.75 per hour.

## PARTIES

5. Defendant, BFS Foods, Inc., is a West Virginia corporation with its principal offices located at 116 Shannon Drive, Morgantown, WV 26508-5260.  BFS may be served via its registered agent, Marshall Bishop, 116 Shannon Drive, Morgantown, WV 26508, or alternatively, 1768 Mileground Road, Morgantown, WV 26505.

6. Plaintiff Skye Woods was employed by BFS as a tipped employee (Skye Woods's Consent to join is attached hereto as *Exhibit A*.)

2

7. Plaintiff Leslie Sterling was employed by BFS as a tipped employee (Leslie Sterling's Consent to join is attached hereto as *Exhibit B*.)

8. Plaintiff Lauren Boyd is employed by BFS as a tipped employee (Lauren Boyd's Consent to join is attached hereto as *Exhibit C*.)

9. Plaintiff Jada Wilson is employed by BFS as a tipped employee (Jada Wilson's Consent to join is attached hereto as *Exhibit D*.)

10. Plaintiff Jessica Connolly is employed by BFS as a tipped employee (Jessica Connolly's Consent to join is attached hereto as *Exhibit E*.)

11. Plaintiff Lacey Harrington was employed by BFS as a tipped employee (Leslie Sterling's Consent to join is attached hereto as *Exhibit F*.)

12. Plaintiff April Dycus was employed by BFS as a tipped employee (April Dycus' Consent to join is attached hereto as *Exhibit G*.)

13. The above-referenced plaintiffs are collectively referred to as "Plaintiffs."

## JURISDICTION AND VENUE

14. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

15. Supplemental jurisdiction over Plaintiffs' West Virginia state law claims are allowed under 28 U.S.C. § 1367(a).

16. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because BFS conducts business in this district, the events that give rise to this lawsuit occurred in this district, and/or Plaintiffs reside in this jurisdiction.

FACTUAL BACKGROUND

A. FLSA tip credit and BFS' pay scheme

17. Section 3(m) of the FLSA allows restaurants to pay its tipped employees less than minimum wage if certain conditions are met. The amount of money withheld from a server's paycheck is called a "tip credit."

18. The FLSA tip credit privilege, however, has explicit requirements that employers must follow.

19. As a condition of the privilege of paying servers less than minimum wage, the FLSA requires that a proper tip-credit notice be provided. The FLSA also requires that servers must be doing work capable of making tips. The FLSA allows restaurants to require its servers to do some work that does not generate tips, but that work may not exceed 20% of the employee's time (hereafter referred to as the "80/20 Rule").

20. BFS pays/paid Plaintiffs, as servers, on a tipped basis. This means BFS pays/paid Plaintiffs less than minimum wage (generally $2.62 per hour). BFS then takes a tip credit for the remaining amount up to minimum wage.

B. The FLSA applies to BFS

21. BFS is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(b), (r).

22. BFS is an employer as defined by the FLSA. 29 U.S.C. § 203(d).

23. BFS has annual gross business of over $500,000.

24. BFS employed Plaintiffs at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

25. In performing their duties for BFS, Plaintiffs were engaged in commerce or in the production of goods for commerce.

C. <u>BFS does not provide a proper tip-credit notice</u>

26. If an employer is to utilize a proper tip credit exemption to the minimum wage requirements of the FLSA, it is required to provide appropriate notice to these employees with specific details. These are articulated in section 3(m) of the FLSA: (1) the amount of sub-minimum wage cash wage that is to be paid to the respective tipped employee; (2) the amount by which wages of the respective tipped employee are decreased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the Section 203(m) notice.

27. BFS did not provide such a notice to Plaintiffs.

28. Accordingly BFS should have been, and should be, paying Plaintiffs at least minimum wage.

D. <u>BFS requires its servers to do excessive non-tipped work</u>

29. Even if a proper tip-credit notice was provided, BFS still requires its employees to spend too much time on non-tipped duties.

30. Specifically, Plaintiffs spend/spent more than 20% of their work time performing non-tipped duties.

31. Such duties would include tasks such as cleaning, dishwashing, prepping food, back-of-the-house work, rolling silverware, and other side duties.

32. Such duties have increased due to COVID-19.

33. Accordingly, BFS should pay Plaintiffs minimum wage for all time in excess of 20% spent on non-tipped duties.

## CLAIMS

**Claim I:** **BFS violated the FLSA by not providing a proper tip-credit notice to Plaintiffs.**

34. Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

35. At all times relevant herein, BFS has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all times herein, BFS employed (and/or continues to employ) Plaintiffs.

37. Plaintiffs were paid hourly rates of pay below the applicable minimum wage.

38. Pursuant to BFS's aforementioned failure to provide Plaintiffs with notice of the tip credit requirements under Section 203(m) of the FLSA, it has disqualified itself from being eligible for taking advantage of the tip-credit exception to minimum wage requirements.

39. Accordingly, BFS should be required to pay Plaintiffs back wages equivalent to the applicable minimum wage, plus liquidated damages, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

**Claim II:** **BFS violated the FLSA because Plaintiffs perform an excess of non-tipped duties.**

40. Plaintiffs repeat and re-allege each and every allegation above as if fully set forth herein.

41. Plaintiffs are also entitled to compensation for unpaid minimum wages for all the time spent performing non-tipped duties in excess of twenty percent of their work time and an

additional amount as liquidated damages, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

**Claim III:      Willful violation of the FLSA and lack of good faith.**

42. BFS's FLSA violations referenced above, and as follows, constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. BFS did not act in good faith when attempting to comply with the FLSA.

**Claim IV:      Violation of the West Virginia Labor Code.**

44. BFS's actions referenced above constitute violations of the West Virginia Labor Code. Specifically, BFS failed to pay minimum wage as required by West Virginia law, which should have been $8.75 per hour. Accordingly, BFS owes back wages and penalties to Plaintiffs. *See* W. VA. CODE § 21-5C-1, *et. seq.*

## JURY TRIAL DEMAND

45. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiffs request this Court to grant the following relief against BFS:

A. An award of compensation for unpaid minimum wages to Plaintiffs at the applicable minimum wage rate of pay and, any related overtime at the applicable overtime rate of pay;

B. An award of liquidated damages to Plaintiffs;

C. An award of post-judgment interest at the applicable legal rate to Plaintiffs;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs;

E. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action; and

F. Such other general and specific relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Walt Auvil*
Walt Auvil, WVSB No. 190
The Employment Law Center, PLLC
1208 Market Street
Parkersburg, WV 26101
Phone: 304-485-3058
Fax: 304-485-6344
auvil@theemploymentlawcenter.com


Nitin Sud*
Sud Law P.C.
6750 West Loop South
Suite 920
Bellaire, TX 77401
Phone: 832-623-6420
Fax: 832-304-2552
www.sudemploymentlaw.com
* Statement of Visiting Attorney and Designation of Local Counsel forthcoming

*Attorneys for Plaintiffs*